IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-505-F |
| | ) | |
| CHRISTINA THOMAS, Lawton | ) | |
| Correctional Facility (LCF) Medical | ) | |
| Administrator; MARS GONZAGA, | ) | |
| M.D., LCF Physician, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, filed a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Defendant Gonzaga and Defendant Thomas each filed a motion to dismiss, Docs. 19, 22, Plaintiff objected, Doc. 25, and Defendants each replied. Docs. 26, 27. After review, the undersigned recommends the court DENY both motions to dismiss.

**I.   Plaintiff's claims.**

Plaintiff alleges he suffers "tremendously" from a back injury for which he has "disibility [sic] papers" and has required "Class A narcotic[s]" for years. Doc. 1, at 2.[1] According to Plaintiff, Defendants Gonzaga and Thomas have

---

[1]   Citations to page numbers refer to this Court's CM/ECF pagination.

completely discontinued his pain medication "cold turkey" and refused him surgery "in order to save money." *Id.*

## II. Standard of review.

Each Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). Doc. 19, at 7; Doc. 22, at 6. Under this analysis, the court "'must accept all the well-pleaded allegations [in] the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility . . . ." *Id.* (internal quotation marks and citation omitted). Finally, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted).

Defendants also allege Plaintiff's complaint fails to satisfy Rule 8(a). Doc. 19, at 8-10; Doc. 22, at 9-10. "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d

1140, 1148 (10th Cir. 2007). Under this rule, Plaintiff must plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, Plaintiff must inform Defendants about what they have allegedly done to violate federal law. *See Barfield v. Commerce Bank*, 484 F.3d 1276, 1281 (10th Cir. 2007). That is, from the allegations in the complaint, Defendants must learn "what [they] did to [Plaintiff]; when [they] did it; how [their] action harmed [Plaintiff]; and, what specific legal right [Plaintiff] believes [they] violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### III. Defendants' request for dismissal based on an alleged failure to act "Under Color of State Law."

Defendants each allege they did not act "under color of state law" and Plaintiff cannot sue them under 42 U.S.C. § 1983. Doc. 19, at 20-21; Doc. 22, at 18-20. The undersigned disagrees.

#### A. "Under Color of State Law" requirement.

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. Doc. 1, at 1-2. This statute requires conduct "under color of state law." 42 U.S.C. § 1983. In other words, "the only proper defendants in a Section 1983 claim are those who represent the state in some capacity . . . ." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citation, internal quotation marks, and internal brackets omitted). The "under color of state law" is "a

jurisdictional requisite for a § 1983 action[.]" *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981).

The court may apply a variety of tests to determine if a party acted under color of state law. *See Gallagher*, 49 F.3d at 1447. However, "[u]nder each of these . . . tests, 'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State.'" *Id.*

> A private individual's conduct is fairly attributable to the state if two conditions are met:
>
> > First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible. Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State.

*Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (citations and internal quotation marks omitted).

### B. Defendant Thomas.

According to Defendant Thomas, she is "a private person" and Plaintiff "fails to allege that [she] exerted an influence over, substituted her judgment for, or participated with a state actor in the decisions leading to an alleged deprivation of [Plaintiff's] rights." Doc. 22, at 19-20. But Plaintiff identified Defendant Thomas as the Medical Administrator at LCF. Doc. 1, at 1. And, the Tenth Circuit has "long assumed that employees of a private prison act

4

under color of state law for purposes of § 1983 suits . . . ." *Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013). So, based on Plaintiff's allegations, the court should conclude Defendant Thomas was "acting under color of state law at the time the events giving rise to this lawsuit occurred." *Helms v. Sorenson*, No. CIV-14-1003-W, 2015 WL 1569181, at *1 (W.D. Okla. Apr. 7, 2015) (unpublished district court order) (adopting the magistrate judge's finding the "LCF's Health Services Administrator" was "acting under color of state law").

### C. Defendant Gonzaga.

According to Plaintiff, Correct Care Solutions (CCS) employs Dr. Gonzaga to provide medical care at LCF. Doc. 1, at 2. Relying on CCS's private-entity status, Defendant Gonzaga argues he too is a "private individual" and Plaintiff has "provided no factual support" to find the physician acted under color of state law. Doc. 19, at 21. The undersigned again disagrees.

The Supreme Court has held a private physician, under contract to provide "medical services to state prison inmates," acts "under color of state law for purposes of § 1983" because his conduct "is fairly attributable to the State." *West v. Atkins*, 487 U.S. 42, 54 (1988); *see also Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003) (collecting cases and holding when a state prison contracts or delegates out "one of its core penological functions," to another entity, that entity "can be held liable for violations of the Eighth

Amendment"); *see also Birdwell v. Glanz*, No. 15-CV-304-TCK-FHM, 2016 WL 2726929, at *6 (N.D. Okla. May 6, 2016) (unpublished district court opinion) (finding private medical care providers, employed by Armor Correctional Health Services, Inc., acted "under color of state law" when they provided health care to inmates).

Based on the weight of authority, the undersigned finds Plaintiff's complaint sufficiently alleges Defendant Gonzaga acted under color of state law.

**IV.    Defendants' request for dismissal under Rule 8(a).**

Both Defendants also seek dismissal on grounds Plaintiff's allegations are too vague and conclusory under Rule 8(a) and fail to put them on notice as to their alleged misconduct.  Doc. 19, at 8-10; Doc. 22, at 7-10.  The undersigned finds Defendants' own briefs belie this assertion.

For example, in his Statement of the Case, Defendant Gonzaga acknowledges:

- "Plaintiff alleges that during his incarceration LCF, Defendants Thomas and Gonzaga, have refused to provide proper pain relievers for his back pain. (Doc. 1, p. 2)."

- "Specifically, Plaintiff alleges that before Dr. Gonzaga arrived to LCF, he was provided Tylenol 3s, then switched to Vicodin, then switched to Narco, then switched to Tramadol, and that, since Dr. Gonzaga arrived to LCF, all medications were discontinued. (Doc. 1, p. 2)."

- "Plaintiff further states that 'they refuse me the surgery I need.' (Doc. 1, p. 2)."

6

- "Plaintiff alleges that he has experienced 'pain and suffering since around January or February when the [defendants] took over.' (Doc. 1, p. 3)."

- "In his Complaint, Plaintiff alleges that Dr. Gonzaga violated the Eighth Amendment to the United States Constitution, claiming that Dr. Gonzaga has violated his right to proper medical care. (Doc. 1, p. 3)."

- "Plaintiff further alleges that Dr. Gonzaga's refusal to provide the medications and surgery is deliberate indifference and should be considered cruel and unusual punishment under the Eighth Amendment. (Doc. 1, p. 3)."

Doc. 19, at 7-8 (internal quotation marks and brackets omitted).

Likewise, in her Statement of the Case, Defendant Thomas recognizes:

- "The Complaint names Christina Thomas and Dr. Mars Gonzaga as defendants in this case. (*See* Doc. No. 1)."

- "Plaintiff alleges that defendants violated his right to proper medical care under the Eighth and Fourteenth Amendments (Doc. No. 1, p. 3)."

- "Plaintiff alleges that Defendant Thomas was deliberately indifferent to his medical needs in violation of his Eighth and Fourteenth Amendment rights against cruel and unusual punishment. (Doc. No. 1, p. 3)."

- "Specifically, Plaintiff alleges that before defendants Christina Thomas and Dr. Gonzaga arrived at LCF, medical personnel at LCF apparently provided him with Tylenol 3s, then Vicodin, then Narco, then Tramadol, and that, after defendants Thomas and Gonzaga arrived at LCF, all medications were discontinued. (Doc. No. 1, p. 2)."

Doc. 22, at 6.

Though his facts are not plentiful, Plaintiff has sufficiently explained the alleged misconduct and Defendant Gonzaga and Thomas are clearly on notice that Plaintiff believes they violated the Eighth Amendment when they

7

discontinued his pain medication and denied his surgery. The undersigned thus finds Defendants' Rule 8(a) arguments meritless.

## V. Defendants' request for dismissal under Rule 12(b)(6).

Defendants next seek dismissal under Rule 12(b)(6), arguing: (1) Plaintiff's allegations fail to establish either the objective or subjective components to state a claim for relief under the Eighth Amendment; and, (2) Plaintiff failed to establish either party's personal participation. Docs. 19, at 10-19; Doc. 22, at 10-18. Defendant Gonzaga separately asserts a qualified-immunity defense, Doc. 19, at 21-24, and Defendant Thomas separately seeks dismissal on grounds she cannot provide Plaintiff the relief he seeks. Doc. 22, at 20-23. The undersigned finds dismissal is not warranted on these grounds.

### A. Defendants' challenge to the validity of the Eighth Amendment claims.

#### 1. The Eighth Amendment's scope.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). In *Farmer*, the Supreme Court held a "prison official's

8

'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828.

Under this governing standard, "'[d]eliberate indifference' involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Regarding the objective component, the "prisoner must first [show] . . . that the deprivation at issue was in fact 'sufficiently serious.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). The subjective component requires a plaintiff to show "the prison official's culpable state of mind" and may be satisfied with allegations the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* So, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Id.* (citation omitted).

### 2. *Farmer's* objective component.

Defendants first suggest Plaintiff's back pain is not sufficiently serious to warrant Eighth Amendment protection. Doc. 19, at 17-18; Doc. 22, at 12-14. However, assuming Plaintiff's allegations are true, *see supra* § II, he has a "tremendous[]" "back injury" for which he has "disability papers" and "an MRI" and has historically been prescribed pain medication. Doc. 1, at 1. In other words, a physician has diagnosed Plaintiff with a back injury and has mandated treatment. Under such circumstances, the undersigned finds these

9

allegations plausibly state a claim under *Farmer's* objective component. *See Mata*, 427 F.3d at 751 ("[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (citations omitted)); *Stanley v. Balogh*, No. CIV-16-619-F, 2017 WL 1394601, at *3 (W.D. Okla. Mar. 24, 2017) (unpublished report & recommendation) (finding plaintiff's allegation he had been denied pain medication for a medical condition "diagnosed by a physician" as "mandat[ing] treatment" plausibly met *Farmer's* "objective prong"), *adopted*, 2017 WL 1393741 (W.D. Okla. Apr. 18, 2017) (unpublished district court order).

### 3. *Farmer's* subjective component.

Defendants next argue Plaintiff has failed to establish they knew of and disregarded an excessive risk to his health or safety. Doc. 19, at 18-19; Doc. 22, at 12, 14-15. Instead, according to Defendants, Plaintiff's allegations suggest no more than a disagreement with medical treatment, or at best, medical negligence. Doc. 19, at 15-19; Doc. 22, at 14-16. Dismissal is not warranted on these grounds.

Defendant Gonzaga is the LCF medical physician and Defendant Thomas is the Medical Administrator. Doc. 1, at 1-2. Plaintiff alleges these individuals cut off his pain medication "cold turkey" and denied him surgery. *Id.* at 1. These allegations "plausibly support[] the subjective component" as it

"implies that Defendant[s] knew of Plaintiff's [serious] medical need" and then disregarded it. *Stanley*, 2017 WL 1394601, at *3 (finding plaintiff plausibly stated a claim under *Farmer's* subjective component because his claim defendant "'cancelled' the pain medication" "implies Defendant knew of [p]laintiff's medical need").

Moreover, while it is true an "'inadvertent failure to provide adequate medical care'" or negligence in "'diagnosing or treating a medical condition'" will not support an Eighth Amendment claim, *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citation omitted), Plaintiff does not make such allegations. Instead, he claims Defendants intentionally denied him pain medication and surgery for a serious medical need. On a Rule 12(b)(6) review, this allegation is sufficient.

Finally, had Defendants allegedly chosen to give Plaintiff a *different* pain medication, or decided to treat Plaintiff with medication *instead* of with surgery, the undersigned might agree he failed to state a valid claim for relief. *See, e.g., Carter v. Troutt*, 175 F. App'x 950-51 (10th Cir. 2006) (finding plaintiff had only shown a difference of opinion with medical treatment, and thus no constitutional violation, where prison doctor changed prescription from one pain medication to another, "consistently monitored" plaintiff's health condition and "provided him with ongoing care"). But again, Plaintiff did not make those allegations. Instead, he claims he suffers from a severe back injury

11

and has been denied *all* pain medication and/or surgery. As alleged, this constitutes more than just a different opinion in medical treatment.

### 4. Summary.

In sum, the undersigned finds Plaintiff has plausibly alleged Defendants were deliberately indifferent to his serious medical needs and recommends the court deny their motions to dismiss on this ground.

### B. Defendant Gonzaga's qualified-immunity defense.

Defendant Gonzaga separately argues he is entitled to assert a qualified-immunity defense to Plaintiff's Eighth Amendment claims. Doc. 19, at 21-22. To date, the Tenth Circuit "has yet to decide whether or not qualified immunity is available to employees of a private company providing medical services to inmates." *Kellum v. Mares*, 657 F. App'x 763, 768 n.3 (10th Cir. 2016). This Court also need not decide,[2] as Defendant Gonzaga would not prevail under the defense.

---

[2] Should the court decide to address the issue, the undersigned recommends it hold Defendant Gonzaga is *not* entitled to raise the qualified-immunity defense.

In *Richardson v. McKnight*, 521 U.S. 399, 410-11 (1992), the Supreme Court held guards working in a privately run, for-profit, prison could not seek qualified-immunity protections. The court emphasized "a private firm, systematically organized to assume a major lengthy administrative task (managing an institution) with limited direct supervision by the government, undertak[ing] that task for profit and potentially in competition with other firms" mitigated the necessity for qualified-immuni2ty protection. *Id.* at 413.

12

"Qualified immunity protects officials from suit for civil damages if their conduct does not violate clearly established statutory or constitutional rights." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). "When a defendant

---

Two relevant cases have developed since *Richardson*, but both are distinguishable. For example, in 2012, the Supreme Court held a private attorney, retained by the government to perform a state function, could assert the qualified-immunity defense. *See Filarsky v. Delia*, 132 S. Ct. 1657, 1667-68 (2012). But in so holding, the Supreme Court distinguished *Richardson*, noting it had applied to private for-profit employees and "[n]othing of the sort" was involved in *Filarsky*. *Id.* at 1667. Then, more recently, the Tenth Circuit applied *Filarsky* and held a private physician could assert qualified immunity. *See The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1108-09 (10th Cir. 2016), *petition for cert. filed* (U.S. Apr. 20, 2017) (No. 16-1255). However, like *Filarsky*, *Lockett* involved a private individual hired by the State to perform an execution. *See id.* at 1106. The Tenth Circuit reasoned:

> The attorney in *Filarsky* received qualified immunity largely because a permanent government attorney doing the same acts would receive it. The *Filarsky* Court determined that denying a temporarily retained attorney the same defense as a full-time government attorney would undermine the purposes of the doctrine. The same is true here—for instance, had a state employee performed the same duties as Dr. Doe did here, qualified immunity would apply. We see no sense in depriving a private doctor the same protection. Here, Dr. Doe stands in the same position as the attorney in *Filarsky*—he was a private party hired to do a job for which a permanent government employee would have received qualified immunity. Thus, we conclude that qualified immunity applies to Dr. Doe.

*Id.* at 1108-1109.

In the present action, Dr. Gonzaga is *not* a private physician hired by the State to provide medical care—rather, he is an employee of a private, for-profit, corporation. So, the undersigned finds neither *Filarsky* nor *Lockett* control, and under *Richardson*, the court should find Dr. Gonzaga is not entitled to assert a qualified-immunity defense.

13

raises a qualified-immunity defense, the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation." *Id.* When raised in a Rule 12(b)(6) context, the question is whether Plaintiff has "sufficiently alleged" each element. *Id.*

Here, Plaintiff has sufficiently alleged Defendant Gonzaga was deliberately indifferent to his serious medical needs. *See supra* § V(A)(1)-(3). And, the question is not, as Defendant Gonzaga suggests, whether the Tenth Circuit or Supreme Court has ever "found a prison doctor liable for Eighth Amendment claims for exercising his medical judgment in discontinuing certain narcotic pain medications." Doc. 19, at 24. Indeed, "'the qualified immunity analysis involves more than a scavenger hunt for prior cases with precisely the same facts.'" *Davis v. Clifford*, 825 F.3d 1131, 1136 (10th Cir. 2016) (citation omitted). Instead, the relevant question is whether it had been clearly established—at the time Dr. Gonzaga allegedly denied Plaintiff medical treatment—that a physician could not be deliberately indifferent to a serious medical need. *See id.* ("'A general constitutional rule can apply with obvious clarity to the specific conduct in question, even though such conduct has not previously been held unlawful.'" (citation, internal brackets, and ellipsis omitted)). It clearly was. *See Mata*, 427 F.3d at 749 (holding "there is little doubt that deliberate indifference to an inmate's serious medical need is a

clearly established constitutional right"). Thus, even if the court allowed Defendant Gonzaga to assert a qualified-immunity defense, it would fail at this juncture. *See Kellum*, 657 F. App'x at 768 n.3 (because plaintiff "plausibly alleged" the private-employee nurse violated "a clearly established constitutional right[]," when she denied medical care, thereby successfully defeating the qualified-immunity defense, the court need not address whether the nurse was entitled to raise the defense).

### C. Defendants' challenge to Plaintiff's personal participation claims.

Next, Defendants challenge Plaintiff's allegations on grounds they fail to establish personal participation. Doc. 19, at 11-12; Doc. 22, at 16-18. The undersigned finds Defendants' arguments redundant and meritless.

#### 1. Personal participation requirements.

"'Individual liability under § 1983 must be based on the [D]efendant's personal involvement in the alleged constitutional violation.'" *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013) (citation and internal brackets omitted).

#### 2. Defendant Thomas.

According to Defendant Thomas, Plaintiff's allegations are too conclusory to put her on notice as to what she personally "did that constituted a constitutional violation" and he "erroneously alleges that [she] has any

influence whatsoever in these matters." Doc. 22, at 16-17. However, there is no merit to Defendant Thomas' first argument, *see supra* § IV, and her second argument is not proper for Rule 12(b)(6) review. That is, the court must accept Plaintiff's allegations as true. *See supra* § II. Plaintiff has alleged Defendant Thomas denied him pain medications and surgery, and whether he is correct or incorrect as to her duties or influences is a factual question. For these reasons, the court should deny Defendant Thomas' motion to dismiss.

### 3. Defendant Gonzaga.

Like his co-defendant, Defendant Gonzaga challenges Plaintiff's allegations of personal participation on grounds Plaintiff's claims are too "vague and conclusory" to notify him of exactly what did "that constitutes a claim under substantive law." Doc. 19, at 11; *see id.* at 11-13. The undersigned disagrees, *see supra* § II, and recommends the court deny Defendant Gonzaga's motion to dismiss.

### D. Defendant Thomas' challenge to Plaintiff's requested remedies.

Finally, Defendant Thomas seeks dismissal because "Plaintiff seeks either prescription medication or surgery, or both, and Defendant Thomas is incapable of facilitating any such relief." Doc. 22, at 21. Defendant Thomas' argument is unpersuasive.

First, Defendant Thomas asserts facts not in evidence—namely, her professional degree and its constraints. *See id.* at 21-22. These facts are not properly considered in a Rule 12(b)(6) motion. *See supra* § II.

Second, even if Defendant Thomas cannot grant Plaintiff the injunctive relief he seeks, he also sought whatever remedy "the court would deem just and equitable on any monetary issues." Doc. 1, at 5. Accordingly, the undersigned finds no valid argument in Defendant Thomas' motion to dismiss based on an inability to provide a remedy.

## VI. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends the court DENY Defendants Thomas and Gonzaga's motions to dismiss, Docs. 19, 22.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the court clerk no later than May 30, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the court's referral to the undersigned Magistrate Judge. Should the court adopt the recommendation, the undersigned recommends a new referral for entry of a scheduling order.

ENTERED this 10th day of May, 2017.

                                                 *[signature]*
                                                 SUZANNE MITCHELL
                                                 UNITED STATES MAGISTRATE JUDGE